Whitaker v. New York University

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand thirteen.

PRESENT:
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*[*]

_____

Barbara Whitaker,

*Plaintiff-Appellant,*

v.                                                    11-3618

New York University,

*Defendant-Appellee.*[**]

_____

FOR PLAINTIFF-APPELLANT: Barbara Whitaker, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE: Nancy Kilson, Associate General Counsel, for Bonnie Brier, General Counsel, New York University, New York, NY.

---

[*] Pierre N. Leval, Circuit Judge, recused himself. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b).

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Barbara Whitaker, *pro se*, appeals from the district court's summary judgment in favor of the defendant in Whitaker's action asserting familial status discrimination and retaliation claims pursuant to the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. ("FHA"); the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw

2

all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation omitted). However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion. *See Yin Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); Fed R. Civ. P. 56(e). We will only affirm the dismissal of a claim on summary judgment "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Feingold*, 366 F.3d at 148 (internal quotation omitted).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated in the district court's thorough and well-reasoned July 19, 2011 decision. The FHA makes it unlawful "[t]o refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). We find no basis for concluding that New York University's ("NYU") general policy of not providing on-campus dormitory housing to spouses,

3

domestic partners, or dependents of NYU students (unless those spouses, domestic partners, or dependents are also NYU students) is facially discriminatory, because the FHA does not identify non-student status as a protected class. *See* 42 U.S.C. § 3604(a).

In order to establish a *prima facie* case of housing discrimination based on disparate treatment, a plaintiff is required to establish, *inter alia*, that she sought and was qualified to rent or purchase the housing. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). In order to satisfy the "qualified" element, the renter must meet the applicable criteria that the owner established. *See id.* at 47-48. Here, NYU proffered evidence that it provides dormitory housing to its students based on student status and has a long-standing policy of not providing housing for non-student family members. Thus, although Whitaker would have been qualified to obtain on-campus housing if she sought to live alone, she did not qualify for on-campus housing for both herself and her son based on NYU's objective criteria.

Finally, in order to establish a *prima facie* case of discrimination based on disparate impact, a plaintiff is required to show, *inter alia*, a "significantly adverse or

4

disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *See Regional Economic Comm. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 53 (2d Cir. 2002). Here, Whitaker failed to establish a *prima facie* case because she did not demonstrate that NYU's policy of not providing on-campus housing to non-student dependents of NYU students has a significantly more adverse or disproportionate impact on members of Whitaker's protected class than it has on non-protected classes who are also impacted by NYU's housing policy. Accordingly, we conclude that the district court properly granted summary judgment in favor of NYU on Whitaker's FHA discrimination claims. Finally, "we find that the district court acted well within its discretion in declining to assert supplemental jurisdiction over plaintiffs' state-law claim[s]." *Domnister v. Exclusive Ambulette, Inc.*, 607 F.3d 84, 87 (2d Cir. 2010) (internal quotation omitted).

We have considered all of Whitaker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5